PER CURIAM.
Appellant was convicted of second degree murder and sentenced as an habitual offend *317 er to life imprisonment. This court per cu-riam affirmed his direct appeal in which he challenged his habitual offender sentence as lacking the required factual findings. Perkins v. State, 587 So.2d 1339 (Fla. 4th DCA 1991). It then per curiam affirmed the denial of his rule 3.850 motion for post-conviction relief where he claimed his trial counsel was ineffective for failing to object to the departure sentence as being without written reasons. Perkins v. State, 626 So.2d 226 (Fla. 4th DCA 1993).
Appellant then filed a rule 3.800(a) motion to correct judgment and sentence in the trial court, claiming his habitual offender sentence was illegal because it was impermissible to sentence him as an habitual offender where his judgment of conviction reflects that his conviction for second degree murder was enhanced to a life felony because of use of a weapon. This appeal is from the trial court’s denial of that motion.
We conclude that while appellant’s judgment of conviction incorrectly lists his crime as a life felony, the record reveals no enhancement pursuant to section 775.087, Florida Statutes (1989), for use of a weapon as appellant claims. The state correctly points out that there was no reference to section 775.087 in the charging document which charges appellant with beating the victim with a pipe; there was no finding in the verdict form that a crime was committed with a weapon; the sentencing guidelines scoresheet designates and scores the offense as a first degree felony punishable by life; and there was no reference to the enhancement section at the time of sentencing as shown by the sentencing transcript.
Since a first degree felony punishable by a term of years not exceeding life imprisonment is subject to an enhanced sentence of life imprisonment under the habitual felony offender statute; Burdick v. State, 594 So.2d 267 (Fla.1992); appellant’s sentence is not illegal. Accordingly, we affirm the trial court’s order but remand for the limited purpose of correcting the judgment of conviction to reflect that the offense of second degree murder is a first degree felony punishable by life.
DELL, C.J., and GLICKSTEIN and FARMER, JJ., concur.